UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| RODNEY COCHRAN, | ) |
| Plaintiff, | ) Civil Action No. 5:09-302-JMH |
| v. | ) |
| CURT FOLGER, et al., | ) |
| Defendants | ) **MEMORANDUM OPINION AND ORDER** |
| and | ) |
| CURT FOLGER, et al., | ) |
| Third-Party Plaintiffs | ) |
| v. | ) |
| CHARLES WILLIAMS, II | ) |
| LAILA WILLIAMS, | ) |
| Third-Party Defendants. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court on a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), filed by Third Party Defendants Charles Williams II and Laila Williams ("Third Party Defendants"). [Record No. 31]. Defendants and Third Party Plaintiffs Curt Folger, Dan Gilliam, and Don Gilliam ("Defendants") responded [Record No. 36] and the Third Party Defendants replied [Record No. 38]. This matter is now ripe for review.

### BACKGROUND

Plaintiff Rodney Cochran ("Cochran") filed this action pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, and Fourteenth

Amendments, alleging violations of his constitutional rights by Defendants, who serve as Sheriff and Deputy Sheriffs of Lincoln County, Kentucky. Cochran contends that Defendants were acting under the color of the authority vested in them by Kentucky statutes and the Kentucky constitution when they acted upon an eviction notice and placed Third Party Defendants in possession of the premises located at 3700 Kentucky Highway 2141, Stanford, Lincoln County, Kentucky. Cochran alleged that Defendants carried out the eviction in an "objectively unreasonable" manner that permitted the Cochran's personal property to be taken away by unknown parties, and that Defendant Folger consciously chose to provide inadequate training to his deputies.

According to Cochran's complaint, this conduct violated Cochran's constitutional rights: the right under the Fourth Amendment to be secure in one's person, houses, papers, and effects against unreasonable searches and seizures; the right under the Fifth Amendment not to be deprived of property without due process of law; and the right under the Fifth Amendment not to have property taken for public use without just compensation. In addition to these federal law claims, Cochran asserted a state law claim for the tort of outrage, and made an additional claim for punitive damages.

Responding to Cochran's complaint, Defendants filed a third-party complaint under pursuant to Fed. R. Civ. P. 12(b)(6), seeking contribution and indemnification from Third Party Defendants in the

event they are found liable on any claims asserted by Cochran. Third Party Defendants filed the instant motion to dismiss the third-party complaint.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the plaintiff's complaint. The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997).

If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007); *Our Lady of Bellefonte Hospital, Inc. v. Tri-State Physicians Network, Inc*., No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**DISCUSSION**

Defendants allege that Third Party Defendants should be held liable for contribution and indemnification should Cochran succeed in his federal and state law claims against Defendants. For the reasons that follow, the Court will grant the motion to dismiss as to Third Party Defendants' liability for the claim brought pursuant to 42 U.S.C. § 1983; grant the motion to dismiss as to Third Party Defendants' liability for contribution with respect to the state law claim; and deny the motion to dismiss as to Third Party Defendants' liability for indemnity with respect to the state law claim.

**A. Federal Law Claims**

The Sixth Circuit has not addressed the issue of whether there exists a right to contribution or indemnity in actions brought under 42 U.S.C. § 1983. *See Coleman v. Casey County Bd. Of Educ.*, 686 F.2d 428, 429 n. 1 (6th Cir. 1982) ("[T]he Court need not decide whether a right to contribution exists under §§ 1981, 1983 or the Rehabilitation Act"). Precedent from this district, however, holds that no implied statutory right to contribution or indemnity is available with respect to actions brought under this statute. *Hart v. City of Williamsburg*, Case No. 2005 WL 1676894,

4

at *3 (E.D. Ky. July 19, 2005). In *Hart*, this Court relied on the United States Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77 (1981), in which it held that federal courts may not construe an implied statutory cause of action for contribution or indemnity in the absence of legislative history suggesting congressional intent. *Id.* The *Hart* decision also cited *Texas Industries, Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630 (1981), for the proposition that no federal common law right to contribution exists with respect to a § 1983 action, and noted that in *Degener v. Hall Contracting Corp.*, 27 S.W.3d 775, 782 (Ky. 2000) the Supreme Court of Kentucky stated that "federal courts have held that th[e] state law remedies [of contribution and indemnity] cannot be applied to causes of action created by federal statutes." *Id.*

This Court's ruling in *Hart* is in accordance with rulings from two other districts in the Sixth Circuit. *See Frantz v. City of Pontiac*, 432 F.Supp. 2d 717, 722 (E.D. Mich. 2006); *Hughes v. Adams*, Case No. 2007 WL 3306076 (W.D. Ky. Nov. 6, 2007). Other courts have come to the same conclusion. *See, e.g.*, *Allen v. City of Los Angeles*, 92 F.3d 842, 845 n. 1 (9th Cir. 1996) ("There is no federal right to indemnification provided in 42 U.S.C. § 1983."), *overruled on other grounds sub nom, Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997) (en banc); *Harris v. Angelina County, Tex.*, 31 F.3d 331, 338 n. 9 (5th Cir. 1994); *Mason v. City of New*

*York*, 949 F. Supp. 1068, 1079 (S.D.N.Y. 1996); *Banks v. City of Emeryville*, 109 F.R.D. 535, 539 (N.D. Cal. 1985); *but see Hoffman v. McNamara*, 688 F. Supp. 830, 834 (D. Conn. 1988) (allowing setoff for settlement in § 1983 action); *Fishman v. De Meo*, 604 F. Supp. 873, 877 (holding that contribution is available in § 1983 cases).

Based on the foregoing authorities, this Court concludes that Defendants' claims for indemnity and contribution, to the extent that they arise out of their potential liability under 42 U.S.C. §§ 1983, are impermissible.

**B. State Law Claims**

To the extent that Defendants' claims for indemnity and contribution arise from their liability under the state law claim for the tort of outrage, the Court must consider whether Kentucky's requirements for indemnity and contribution are satisfied.

**1. Contribution**

Under Kentucky law, "[t]he right to contribution arises when two or more joint tortfeasors are guilty of concurrent negligence of substantially the same character which converges to cause the plaintiff's damages." *Degener*, 29 S.W.3d at 778. Contribution is appropriate only where the plaintiff's harm resulted from negligence, not from an intentional act. *Sutton v. Morris*, 44 S.W. 127 (Ky. 1898); *see* KRS 412.030 ("Contribution among wrongdoers may be enforced where the wrong is a mere act of negligence and involves no moral turpitude.").

6

Here, Cochran seeks to recover under a claim of outrage, which is an intentional tort. *See Craft v. Rice*, 71 S.W.2d 247 (Ky. 1984) (adopting *Restatement (Second) of Torts* 46, "Outrageous Conduct Causing Severe Emotional Distress") ("One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."). Because Kentucky law permits contribution only for claims arising from negligence, Defendants may not seek contribution from Third Party Defendants with respect to Plaintiff's state law claims.

2. **Indemnity**

Under Kentucky law, the right to indemnity "is available to one exposed to liability because of the wrongful act of another" but who is not equally at fault with the wrongdoer. *Degener*, 27 S.W.3d at 778. Indemnity is available in either of two situations:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Id.* (quoting *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)).

The Defendants can maintain their indemnity claim against the

Third Party Defendants. Although this is not a master-servant scenario, it is possible that Third Party Defendants were the "primary and efficient" cause of Cochran's injuries. Under Rule 14, a third party may be impleaded only if the third party "is or may be liable to [the original defendant] for all or part of the plaintiff's claims against them." Fed. R. Civ. P. 14. In this case, the Defendants may be liable for Cochran's injuries because of their allegedly outrageous conduct. However, it is also possible that Cochran's injuries were caused, in whole or in part, by the Third Party Defendants' conduct in connection with Cochran's eviction from the premises.

Based on these factual allegations, it is possible that a jury could find that the actions of the Third Party Defendants are, in whole or in part, responsible for Cochran's injuries and that Defendants may be relieved to liability to Cochran to that extent. Therefore, the Defendants' indemnity claim, to the extent it arises out of their potential liability for outrageous conduct causing severe emotional distress to Cochran, may proceed.

## CONCLUSION

Accordingly, for the reasons discussed, **IT IS ORDERED:**

(1) That the Third Party Defendants' Motion to Dismiss [Record No. 31] is **GRANTED, in part, and DENIED, in part**, consistent with this Memorandum Opinion and Order;

(2) The Defendants' contribution claim against the Third Party

Defendants is **DISMISSED** with prejudice;

(3) The Defendants' indemnity claim, to the extent it is based on 42 U.S.C. § 1983, is **DISMISSED** with prejudice; and

(4) The Defendants' indemnity claim, to the extent it is based on the state law claims of outrage, remains pending.

This the 6th day of July, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge